IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNNIE AULT, Individually and as Special Administrator of the Estate of BRYAN W. AULT, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 3:12-cv-00833-JPG-PMF |
| v. | ) ) | |
| TRANSOCEAN LTD., f/k/a TRANSOCEAN SEDCO FOREX, INC., Individually and as Successor-In-Interest to SEDCO, INC., and SEDCO FOREX, INC., and SEDCO FOREX RESOURCES, INC., and R&B FALCON CORPORATION, and R&B FALCON DRILLING COMPANY, *et al.* | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT TRANSOCEAN LTD.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER
VENUE, AND FOR FAILURE TO STATE A CLAIM,
<u>OR ALTERNATIVELY FOR MORE DEFINITE STATEMENT</u>**

COMES NOW Defendant Transocean Ltd. ("Transocean"), improperly sued as "f/k/a Transocean Sedco Forex, Inc., Individually and as Successor-In-Interest to Sedco, Inc., and Sedco Forex, Inc., and Sedco Forex Resources, Inc., and R&B Falcon Corporation, and R&B Falcon Drilling Company," by and through its attorneys, and for its Motion to Dismiss or Alternatively for More Definite Statement, pursuant to Rule 12, states as follows:

1. Plaintiff seeks damages for the alleged mesothelioma and death of Bryan W. Ault ("Decedent').

2. Plaintiff brings actions under the Jones Act (46 U.S.C. § 30104, et seq.) and general maritime law (unseaworthiness) against four defendants for alleged exposure to asbestos

5616370.1

while Decedent was working as an electrician on various unidentified "mobile offshore oil rigs." (Doc. 2, Count I, par. 4, 6; Count III, par. 4; Count V, par. 4).

3. The claims against Transocean are in Counts III (Jones Act) and IV (Unseaworthiness (General Maritime Law)).

4. Plaintiff alleges Decedent was employed by "Transocean Ltd. by and through their subsidiary SEDCO, Inc., and/or Sedco Forex, Inc. and/or Sedco Forex Resources, Inc., and/or R&B Falcon Corporation, and/or R&B Falcon Drilling Company in approximately 1965 - 1970 and again later from approximately 1973 - 1988 as an electrician aboard various mobile offshore oil rigs owned, chartered, controlled or owned *pro hac* vice by Defendants Schlumberger, Transocean, Harbinger Group, Inc., and BP at various times throughout his employment with Defendant Transocean." (Doc. 2, Count III, par. 4).

5. Transocean moves to dismiss Plaintiff's claims against it under Rule 12(b) for lack of personal jurisdiction and improper venue.

6. Also, Plaintiff's claims under the Jones Act in Count III for loss of consortium and funeral/burial expenses do not state a claim upon which relief can be granted and must be dismissed under Rule 12(b)(6).

7. Alternatively, Transocean moves for a more definite statement under Rule 12(e).

8. Transocean incorporates herein by reference its Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and for Failure to State a Claim, or Alternatively for More Definite Statement.

WHEREFORE, for the foregoing reasons, Transocean Ltd. respectfully asks that the Court enter an Order dismissing Plaintiff's Complaint for lack of personal jurisdiction and improper venue, dismissing Plaintiff's claims for loss of consortium and funeral/burial expenses

in Count III, or alternatively order a more definite statement of Plaintiff's claims, and enter such further relief as the Court deems appropriate.

>Respectfully submitted,
>
>s/ Erick E. VanDorn
>Erick E. VanDorn, #6256805
>525 West Main Street
>P.O. Box 750
>Belleville, Illinois 62222-0750
>618-277-4700
>FAX 618-236-3434
>evandorn@thompsoncoburn.com
>
>Attorney for Defendant

OF COUNSEL:
THOMPSON COBURN LLP

## CERTIFICATE OF SERVICE

    I hereby certify that on October 15, 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

>s/ Erick E. VanDorn